UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRIS FRANCIS, et. al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:05CV1883 RWS |
| | ) |
| MEHLVILLE FIRE PROTECTION DISTRICT, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before me on Plaintiffs' Motion for Remand [#7]. Defendants removed this case from state court on October 11, 2005, alleging that remand was timely because Plaintiff first alleged a federal cause of action in their amended petition filed on September 19, 2005, in state court, and because the alleged federal cause of action sounds in ERISA, which confers exclusive jurisdiction over the subject matter of this case to the federal courts. Plaintiffs state the case must be remanded to state court because the remand was both procedurally and substantively defective. Plaintiffs are correct, and I will remand the case to state court.

# STANDARD

Under 28 U.S.C. § 1446(b):

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

## PROCEDURAL DEFECTS OF DEFENDANTS' REMOVAL

Defendants allege that Plaintiffs' initial pleading was not removable, but that the amended pleading was. Defendants allege that the following paragraph in the amended pleading gave rise to removal: "The Defendant Directors are fiduciaries with respect to the Plan, in that the Plan is a 'hybrid-plan' within the meaning of ERISA, 29 U.S.C. § 1001, *et seq*." Plaintiffs' Amended Petition at ¶ 50. However, this same paragraph appears in Plaintiffs' original Petition, which was filed in the state court on June 30, 2005. Plaintiffs' Petition at ¶ 43. As a result, under 28 U.S.C. § 1446(b), Defendants' removal was not timely after August 30,

2005, and the removal is procedurally defective.

## SUBSTANTIVE DEFECTS OF DEFENDANTS' REMOVAL

Plaintiffs allege that the retirement plan at issue is a "governmental plan" as defined by ERISA, 29 U.S.C. § 1002(32). Under 29 U.S.C. § 1003(b)(1), "governmental plans" are exempt from Subchapter One of ERISA. Defendants have not challenged Plaintiffs' allegation that the plan is a "governmental plan" under § 1002(32).

Defendants claim that ERISA grants exclusive jurisdiction to the federal courts over this plan at 29 U.S.C. § 1132. However, § 1132 is included in Subchapter One of ERISA, so that section does not apply to the plan at issue. As a result, Defendants' argument for exclusive federal jurisdiction fails.[1]

## COMMUNICATION WITH PERSON REPRESENTED BY COUNSEL

Plaintiffs appended an affidavit of Dan Ottoline, a defendant represented by defense counsel, to their reply brief. The substance of the affidavit goes to whether Ottoline consented to the removal. I have already decided that the case should be remanded, so the issue of Ottoline's consent to the removal is moot. However, the affidavit raises the troubling issue of whether Plaintiffs' counsel violated the Rules

---

[1] Plans may be exempt from some Subchapters or Parts of ERISA, while remaining subject to others.

of Professional Conduct.

Under Missouri Supreme Court Rule 4-4.2, "[i]n representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so." The Commentary to the Rule states that, communications authorized by law do not fall under the scope of the Rule, and that "[c]ommunications authorized by law include, for example, the right of a party to a controversy with a government agency to speak with government officials about the matter." It is unclear in this case, however, whether Ottoline is the type of "government official" that falls within this exception.

However, because I find that I do not have jurisdiction over this case, I will remand it to state court for the resolution of the issue.

## ATTORNEYS' FEES

Plaintiffs seek attorneys' fees to cover the cost of Defendants improper removal. After reviewing the case, it is my determination that an award of attorneys' fees is not warranted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Remand [#7] is

**GRANTED**.

An Order of Remand shall accompany this Memorandum and Order.

Dated this  22nd   Day of November, 2005.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE